**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MOISES GONZALEZ,

                Plaintiff,

          v.

ENNISMORE INTERNATIONAL USA, INC.

                Defendant.

Case No.: 20-CV-5979

**COMPLAINT**

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by and through his attorneys, Danny Grace, P.C. as and for his Complaint in this action against Defendant Ennismore International USA, Inc. (the "Company" or "Ennismore"), alleges upon personal knowledge and upon information and belief as to the matters as follows:

## NATURE OF THE CLAIMS

1.    This is an action for declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices against Plaintiff, including discriminatory and retaliatory treatment of Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et. seq. ("Title VII"); the Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981a et. seq. ("§ 1981"); the Americans with Disability Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§12101 et. Seq. ("ADA"); The New York State Human Rights Law, New York Executive Law §§ 290 et. seq. ("NYSHRL"); and The New York City Human Rights Law, New York Administrative Code §§ 8-101 et. seq. ("NYCHRL").

2.     The Company, its owners, managers, and employees intentionally, unlawfully and recklessly treated Plaintiff in a discriminatory manner based on his, race, national origin and disability in violation of Title VII, ADA, NYSHRL and NYCHRL.

3.     The Company its owners, managers, and employees intentionally, unlawfully and recklessly treated Plaintiff in a discriminatory manner based on his race in violation of § 1981.

4.     After Plaintiff complained about such unlawful treatment and asserted his protected rights, Defendant retaliated and terminated Plaintiff absent any other cause.

5.     Defendant's conduct was knowing, malicious, willful, and wanton and showed a reckless disregard for Plaintiff, which has caused and continues to cause economic and non-economic damages, and severe mental anguish and distress.

**JURISDICTION AND VENUE**

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq; the Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981a et. seq.; and the Americans with Disability Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§12101 et. Seq. ("ADA").

7.     The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

8.     This Court is empowered to issue a declaratory judgement pursuant to 28 U.S.C. §§ 2201 and 2202.

9.     Venue is proper in the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendant maintains their offices and facilities and regularly transact businesses in this district and because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of New York.

## PROCEDURAL REQUIREMENTS

10.     Prior to the commencement of this action, Plaintiff filed a verified charge to the Equal Employment Opportunity Commission ("EEOC") on November 19, 2019, charging Defendant with unlawful discrimination in relation to Plaintiff's employment and arising out of the same facts alleged herein.

11.     Plaintiff received a Right to Sue letter from the EEOC on or around September 22, 2020.

12.     This Complaint has been filed within 90 days of Plaintiff's receipt of Right to Sue letter.

13.     Contemporaneous with the filing of this Complaint, Plaintiff forwarded a copy of the Complaint to the Attorney General of the State of the New York in accordance with NYLL § 215(2).

## PARTIES

14.     Plaintiff Moises Gonzalez was employed by Defendant as their "Director of IT North America" from May 2018 until his unlawful termination on September 18, 2019.

15.     At all relevant times, Plaintiff met and meets the definition of an employee and a qualified individual with a disability under applicable laws.

16.     At all relevant times, Plaintiff was an employee of Defendant within the meaning of related statutes.

17.     Defendant "Ennismore International USA, Inc." ("Ennismore" or the "Company") is a domestic for-profit corporation located principally in Brooklyn, New York. The Company provides real-estate and hospitality services to individuals residing in the City of the New York and visiting from around the world.

18.     At all relevant times, Defendant met the definition of an "employer" under all applicable statutes.

**FACTUAL ALLEGATIONS**

19.     On May 21, 2018, Plaintiff was hired by the Company as a Director of IT North America.

20.     Plaintiff's location of employment was 101 North 10th Street, Studio 204, Brooklyn, NY, 11249.

21.     Plaintiff's salary was $135,000.00 per year, plus a bonus of 20% at the time of his hiring.

22.     During his employment, Plaintiff consistently met and exceeded all expectations, and met timelines on all projects that he was assigned to while still supervising the head office alone in Brooklyn, NY.

23.     Plaintiff, as a one-man team, completed projects and assignments that should have been done by a multiple-man team.

24.     Upon his hiring Plaintiff was promised that he would have a support team, however this team never did materialize.

25.     Since the beginning of his employment, Plaintiff supported three (3) operating hotels along with the head office in Brooklyn, while at the same time Plaintiff was also required to focus on opening a hotel in Los Angeles.

26.     Plaintiff was on call 24/7 even when availing of paid time off.

27.     Despite his work performance, Plaintiff suffered discrimination and harassment, and was subjected to a hostile working environment due to his race, national origin, and disability.

28.     When he engaged in a protected activity by complaining of this discriminatory conduct, the Company retaliated and unlawfully terminated Plaintiff.

29.     Throughout Plaintiff's employment he was subjected to unfair and hostile workplace practices by his supervisor Tom Rimmer ("Rimmer").

30.     This included being treated differently and held to different standards than other employees who were not of Hispanic national origin.

31.     For example, during a lunch meeting in the first week of April 2019, when Plaintiff informed Rimmer that projects in the United States would get completed but sometimes can hit roadblocks along the way, Rimmer responded, "maybe it's because you are Hispanic you aren't hyper-aware and detailed." [sic].

32.     Rimmer would often criticize Plaintiff for the way he performed his job duties and compare how he would get his work done in contrast to Rimmer's own "European" national origin way of doing it.

33.     Even though Plaintiff met and exceeded all expectations set for him and was told by other Company members that he was doing a great job, Rimmer abruptly placed Plaintiff on a Performance Focus Plan ("PFP") on July 25, 2019.

34.     During a one-on-one meeting (only the second one-on-one meeting ever held) between Rimmer and Plaintiff, Rimmer alleged that he put Plaintiff on the PFP because Plaintiff could not meet Rimmer's expectations and because the senior team had lost faith in Plaintiff.

35.     To the contrary, the senior team had continuously praised Plaintiff's performance and achievements.

36.     As a result of these actions, and the long-term hostile working environment and discriminatory treatment that Plaintiff suffered at the hands of Defendant, Plaintiff began to suffer from anxiety disorder, a disability within the meaning of the ADA.

37.     On or around September 9, 2019, Plaintiff complained to Ms. Julia Ingall (the Human Resource Director of the Company) of the discriminatory and hostile treatment that he was suffering from at the hands of the Company, because of his race and national origin.

38.     Specifically, Plaintiff stated that "I am being discriminated because I am Hispanic and am not of European descent".

39.     Plaintiff also stated that due to the discrimination, harassment and hostile working environment, Plaintiff was suffering from anxiety disorder and had to take anti-anxiety medication. Plaintiff specifically stated that "the toxic environment that I am subjected to in my work environment is literally leading to a mental break down".

40.     Plaintiff went on to tell Ms. Ingall that "I am now on anti-anxiety medication just to be able to cope with my daily activities at work brought forth by the ongoing bulling [sic] and constant discrimination that has put my mental state where I do not even want to leave my home".

41.     Plaintiff informed Ms. Ingall that on one occasion when he was required to travel to Los Angeles his "anxiety reached a level that I could not even fly".

42.     Plaintiff informed Ms. Ingall that pursuant to his doctor's recommendation, he needed at least three days off to take care of his mental health.

43.     Finally, Plaintiff closed his complaint saying that "after meeting with my attorney, he strongly feels that the next steps are to move forward and filing a discrimination suit against the company for emotional and mental anguish."

44.     In response, on September 9, 2019, Ms. Ingall stated "we appreciate you notifying us of your concerns, and utilizing this direct line of communication", and immediately placed Plaintiff on paid administrative leave, prohibited Plaintiff from visiting any of Defendant's hotels or "Hoxton house" (which were part of Plaintiff's workplace), and suspended Plaintiff's access to the Company's network.

45.     After this, Plaintiff heard nothing else from the Company regarding his allegations or his complaints.

46.     Instead of conducting a sufficient investigation into his complaints of discrimination as required by federal and state laws, nor even suggesting that Plaintiff may obtain lawful FMLA or other lawful leave to care for his disability, Defendant retaliated and terminated Plaintiff's employment with the Company nine (9) days later, on September 18, 2019.

47.     In the termination letter Ms. Ingall did not make a single reference to Plaintiff's complaint or his medical wellbeing. Instead, the Company cited his July 25, 2019, performance plan as the reason for his immediate termination – a document that proved central to Plaintiff's protected complaints of discrimination.

48.     This Complaint ensues.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of Title VII – Race/Color)**

49.     Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

50.     Plaintiff, as a person of color, belongs to a protected class within the meaning of Title VII.

51.     Plaintiff was qualified for his position as Director of IT North America based on his academic and professional credentials and experience in the industry.

52.     Defendant discriminated against Plaintiff on the basis of his race/color by, inter alia, terminating Plaintiff's employment due to his race/color, which constitutes an adverse employment action under Title VII.

53.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages including attorney fees.

54.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

55.     Defendant's unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**SECOND CAUSE OF ACTION**
**(Discrimination in Violation of Title VII – National Origin)**

56.     Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

57.     Plaintiff, as a person of Hispanic national origin, belongs to a protected class within the meaning of Title VII.

58.     Plaintiff was qualified for his position as Director of IT North America based on his academic and professional credentials and experience in the industry.

59.     Defendant discriminated against Plaintiff on the basis of his national origin by, inter alia, terminating Plaintiff's employment due to his national origin, which constitutes as an adverse employment action under Title VII.

60.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages including attorney fees.

61.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

62.     Defendant's unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### THIRD CAUSE OF ACTION
**(Retaliation in Violation of Title VII – Race/Color)**

63.     Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

64.     Plaintiff participated in a protected activity, namely, reporting the race/color discrimination against him to Defendant's Human Resource Director.

65.     Defendant unlawfully retaliated against Plaintiff by terminating his employment, which constitutes as an adverse employment action under Title VII, because of his prior protected activities.

66.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages and other relief.

67.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief including attorney fees.

68.     Defendant's unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of Title VII – National Origin)

69.     Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

70.     Plaintiff participated in a protected activity, namely, reporting the national origin discrimination against him to Defendant's Human Resource Director.

71.     Defendant unlawfully retaliated against Plaintiff by terminating his employment, which constitutes as an adverse employment action under Title VII, because of his prior protected activities.

72.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

73.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief including attorney fees.

74.     Defendant's unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**FIFTH CAUSE OF ACTION**
**(Discrimination in Violation of § 1981)**

75.     Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

76.     Under § 1981, all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts and to the full equal benefit of all laws as is enjoyed by white citizens.

77.     The term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship, including an employment one.

78.     Plaintiff, as a Hispanic person of color, is a member of a racial minority within the meaning of § 1981.

79.     Defendant intentionally discriminated against Plaintiff on the basis of his race/color by, inter alia, terminating Plaintiff's employment due to his race/color and due to his complaints of discrimination.

80.     Defendant's intentional discrimination against Plaintiff concerned one or more activities enumerated in the statute, namely, the contractual employment relationship between them.

81.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of § 1981, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages.

82. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of § 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief including attorney fees.

83. Defendant's unlawful and discriminatory conduct in violation of § 1981 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SIXTH CAUSE OF ACTION
### (Discrimination in Violation of the NYSHRL – Race/Color)

84. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

85. Plaintiff, as a person of color, belongs to a protected class within the meaning of NYSHRL.

86. Plaintiff was qualified for his position as Director of IT North America based on his academic and professional credentials and experience in the industry.

87. Defendant discriminated against Plaintiff on the basis of his race/color by, inter alia, terminating Plaintiff's employment due to his race/color, which constitutes an adverse employment action under NYSHRL.

88. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages.

89.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

90.     Defendant's unlawful and discriminatory conduct in violation of NYSHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SEVENTH CAUSE OF ACTION
### (Discrimination in Violation of the NYSHRL – National Origin)

91.     Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

92.     Plaintiff, as a person of Hispanic national origin, belongs to a protected class within the meaning of NYSHRL.

93.     Plaintiff was qualified for his position as Director of IT North America based on his academic and professional credentials and experience in the industry.

94.     Defendant discriminated against Plaintiff on the basis of his national origin by, inter alia, terminating Plaintiff's employment due to his national origin, which constitutes an adverse employment action under NYSHRL.

95.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages.

96.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

97.    Defendant's unlawful and discriminatory conduct in violation of NYSHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## EIGHTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL – Race/Color)

98.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

99.    Plaintiff participated in a protected activity, namely, reporting the race/color discrimination against him to Defendant's Human Resource Director.

100.    Defendant unlawfully retaliated against Plaintiff by terminating his employment, which constitutes an adverse employment action under NYSHRL, because of his prior protected activities.

101.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages and other relief.

102.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and

anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

103.    Defendant's unlawful and retaliatory conduct in violation of NYSHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## NINTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL – National Origin)

104.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

105.    Plaintiff participated in a protected activity, namely, reporting the national origin discrimination against him to Defendant's Human Resource Director.

106.    Defendant unlawfully retaliated against Plaintiff by terminating him employment, which constitutes as an adverse employment action under NYSHRL, because of his prior protected activities.

107.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

108.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

109.    Defendant's unlawful and retaliatory conduct in violation of NYSHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## <u>TENTH CAUSE OF ACTION</u>
**(Discrimination in Violation of the NYCHRL – Race/Color)**

110.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

111.    Plaintiff, as a person of color, belongs to a protected class within the meaning of NYCHRL.

112.    Plaintiff was qualified for his position as Director of IT North America based on his academic and professional credentials and experience in the industry.

113.    Defendant discriminated against Plaintiff on the basis of his race/color by, inter alia, terminating Plaintiff's employment due to his race/color, which constitutes an adverse employment action under NYCHRL.

114.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages.

115.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

116.   Defendant's unlawful and discriminatory conduct in violation of NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## ELEVENTH CAUSE OF ACTION
### (Discrimination in Violation of the NYCHRL – National Origin)

117.   Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

118.   Plaintiff, as a person of Hispanic national origin, belongs to a protected class within the meaning of NYCHRL.

119.   Plaintiff was qualified for his position as Director of IT North America based on his academic and professional credentials and experience in the industry.

120.   Defendant discriminated against Plaintiff on the basis of his national origin by, inter alia, terminating Plaintiff's employment due to his national origin, which constitutes an adverse employment action under NYCHRL.

121.   As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages.

122.   As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

123.    Defendant's unlawful and discriminatory conduct in violation of NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## TWELFTH CAUSE OF ACTION
### (Retaliation in Violation of the NYCHRL – Race/Color)

124.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

125.    Plaintiff participated in a protected activity, namely, reporting the race/color discrimination against him to Defendant's Human Resource Director.

126.    Defendant unlawfully retaliated against Plaintiff by terminating his employment, which constitutes an adverse employment action under NYCHRL, because of his prior protected activities.

127.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

128.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

129.    Defendant's unlawful and retaliatory conduct in violation of NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## THIRTEENTH CAUSE OF ACTION
### (Retaliation in Violation of the NYCHRL – National Origin)

130.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

131.    Plaintiff participated in a protected activity, namely, reporting the national origin discrimination against him to Defendant's Human Resource Director.

132.    Defendant unlawfully retaliated against Plaintiff by terminating his employment, which constitutes an adverse employment action under NYCHRL, because of his prior protected activities.

133.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages and other relief.

134.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

135. Defendant's unlawful and retaliatory conduct in violation of NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States, the State of New York, and the City of New York;

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. An order directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and/or otherwise unlawful conduct, as well as to take such affirmative action, including reinstatement, as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff.

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his severe mental anguish and emotional distress, humiliation,

depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and any other physical or mental injuries.

F.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

G.      An award of punitive damages, pursuant to the NYSHRL and NYCHRL, in an amount to be determined at trial;

H.      An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

I.      An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

J.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated:          December 8, 2020
                New York, New York                  Respectfully submitted,

                                                    **DANNY GRACE, P.C.**

                                                    By: _____/s/_____
                                                            Daniel Grace, Esq.
                                                            222 Broadway 19th Floor
                                                            New York, New York 10038
                                                            Telephone: (646) 515-2821
                                                            Facsimile: (718) 732-2821
                                                            Email: danny@dannygracepc.com
                                                            *COUNSEL FOR PLAINTIFF*